IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE ELLIOTT,            Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 24-CV-2426 |
| RANITA DAVIS, *et al.*,            Defendants. | : : : | |

## MEMORANDUM

**BARTLE, J.**                                                          **JULY 16, 2024**

Plaintiff Jamie Elliott has filed a *pro se* complaint. (Doc. # 1) He named as Defendants Ranita Davis, Kim Davis, Michael Seadog, and "New Bay." (*Id.* at 1-2.) He requests appointment of counsel and seeks leave to proceed *in forma pauperis*. (Doc. # 4, 5) For the following reasons, the court will grant Elliott leave to proceed *in forma pauperis*, deny his motion for appointment of counsel, and dismiss his complaint for lack of subject matter jurisdiction because Elliott lacks standing to bring his claims.

**I.     FACTUAL ALLEGATIONS**[1]

Elliott's handwritten complaint contains very few facts. Elliott makes references to parties who are not named as Defendants and to prisons in Illinois. (Compl. at 2.)[2] He appears to state that Ranita Davis, Kim Davis, Michael Seadog, and "New Bay" are Illinois corrections officers. (*Id.*) The only factual allegation in the complaint is that "Michael Seadog put guns to

---

[1] The facts set forth in this Memorandum are taken from Elliott's complaint (Doc. # 1). The court adopts the pagination assigned to the complaint by the CM/ECF docketing system.

[2] The bulk of Elliott's complaint appears to have been copied verbatim from a sample complaint available online. *See Sample Complaint*, Jailhouse Lawyers' Handbook, https://www.jailhouse law.org/sample-complaint (last visited July 9, 2024).

Ranita Davis['s] head [and] beat her with [a] bat[]" with "[a]ll Defendants involved." (*Id.* at 3.) Elliott does not explain how he was involved in or injured by this incident, nor does he state when or where it occurred. He requests "50,000 from each defendant" for "Ranita['s] and Kim['s] legal claims." (*Id.*)

## II.     STANDARD OF REVIEW

The court will grant Elliott leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss Elliott's complaint if it fails to state a claim. The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue his claims. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

As Elliott is proceeding *pro se*, the court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts

in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III.   DISCUSSION

Elliott does not explain his own relationship to the events described in the complaint.  Although Elliott named Ranita Davis and Kim Davis as Defendants, the court understands his allegation that Michael Seadog put guns to Ranita Davis's head and beat her with a bat as an attempt to bring claims on behalf of Ranita Davis as a plaintiff.  Moreover, he explicitly seeks relief for "Ranita['s] and Kim['s] legal claims."  (*Id.* at 3.)

Elliott does not allege that he is an attorney and, therefore, he may not represent other plaintiffs in this case.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause.") (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).  Although an individual may represent herself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).

Accordingly, because the only claims Elliott attempts to bring are on others' behalf, he lacks standing and the complaint must be dismissed for lack of subject matter jurisdiction. Because his claims lack arguable merit, the court will also deny Elliott's request for appointment of counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (explaining that, in determining whether to appoint *pro bono* counsel, the court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law").

## IV. CONCLUSION

For these reasons, the court will grant Elliott leave to proceed *in forma pauperis*, dismiss the complaint, and deny the motion for appointment of counsel. The complaint will be dismissed without prejudice for lack of standing because Elliott cannot prosecute claims on others' behalf. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) (explaining that dismissal for lack of standing reflects a lack of jurisdiction and should be entered without prejudice). Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate order will be entered separately. *See* Fed. R. Civ. P. 58(a).